IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRYANT SHANKLE, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 07-2454-B/P |
| | ◊ | |
| STATE OF TENNESSEE, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

AMENDED ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On July 3, 2007, Plaintiff Bryant Shankle, Tennessee Department of Correction prisoner number 335862, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Clerk shall record the defendants as the State of Tennessee, WTSP Warden Tony Parker, Henry Stewart, Robert Adams, Samantha Phillips, Stacie Alexander, and Robert Beard.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit bearing a certification by the trust fund officer and a copy of his inmate trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall

immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. Analysis of Plaintiff's Claims

Plaintiff is infected with the tuberculosis virus. He contends that Defendants failed to isolate inmates who tested positive for the virus, thereby exposing other inmates to infection. He seeks money damages and medical treatment.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

Plaintiff cannot sue the State of Tennessee under § 1983. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State

Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989). Therefore, the Court DISMISSES the complaint as to the State of Tennessee pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

The only allegation about Defendant Alexander, the Chairwoman of the panel that heard Plaintiff's grievance, is that she "rubber stamp [sic] the grievance and tried to cover-up the TB crisis." However, there is no cause of action for the improper adjudication, or failure to adjudicate, an inmate's grievances. Pursuant to 42 U.S.C. § 1997e(b), "[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." See also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). The Court DISMISSES the complaint as to Defendant Alexander, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel. Pursuant to 28 U.S.C. § 1915(d), the "court may request an

attorney to represent any such person unable to employ counsel."
However, "[t]here is no constitutional or . . . statutory right to
counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323
(7th Cir. 1993), and "§ 1915(d) does not authorize the federal
courts to make coercive appointments of counsel" to represent
indigent civil litigants, Mallard v. United States Dist. Court, 490
U.S. 296, 310 (1989). Generally, a court will only appoint counsel
in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748,
751 (E.D. Tenn. 1977). Although "no comprehensive definition of
exceptional circumstances is practical," Branch v. Cole, 686 F.2d
264, 266 (5th Cir. 1982), courts resolve this issue through a fact-
specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
Cir. 1986). Examining the pleadings and documents in the file, the
Court analyzes the merits of the claims, the complexity of the
case, the pro se litigant's prior efforts to retain counsel, and
his ability to present the claims. Henry v. City of Detroit
Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v.
Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil
cases only if a litigant has made "a threshold showing of some
likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174
(2d Cir. 1989).[2] At this stage of the proceedings, before the Court

---

[2] The Second Circuit elaborated: "Courts do not perform a useful
service if they appoint a volunteer lawyer to a case which a private lawyer would
not take if it were brought to his or her attention. Nor do courts perform a
(continued...)

has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. The motion for appointment of counsel is DENIED.

IV. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendants and deliver said process to the marshal for service. Service shall be made on Defendants pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant or on any unrepresented defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

---

[2] (...continued)
socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>

requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 29th day of November, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE